WALP *et al. v.* BOYD.

(*City Court of New York, General Term.* November 28, 1888.)

COSTS—MUTUAL ACCOUNTS—JURISDICTION OF JUSTICE—AMOUNT OF RECOVERY.

    Code Civil Proc. N. Y. § 2863, subd. 4, provides that a justice cannot take cognizance of an action where, in a matter of account, the sum total of the accounts of both parties, proved to the satisfaction of the justice, exceeds $400; and section 3228 provides that a plaintiff recovering judgment in such an action may recover costs, regardless of the amount of his recovery, while in other actions for the recovery of money he is not entitled to costs unless he recovers the sum of $50 or more. Plaintiffs sued defendant, who had sold goods for them, and collected $1,448.45 on account of the proceeds of such sales, for an alleged balance of $373.61. Defendant pleaded that his commissions on the sales amounted to $1,348.32, and also pleaded counter-claims to the amount of $107.80. Plaintiffs obtained a verdict in the city court for $47.46. *Held*, that they were not entitled to costs, the account being within the jurisdiction of a justice.

Appeal from special term.

Action by Aaron B. Walp and others against Robert J. Boyd. Plaintiffs recovered judgment for $47.46, and costs. Defendant appeals from the order affirming the taxation of plaintiffs' bill of costs. Code Civil Proc. N. Y § 2863, subd. 4, provides that a justice of the peace cannot take cognizance of a civil action, where, in a matter of account, the sum total of the accounts of both parties, proved to the satisfaction of the justice, exceeds $400; and section 3228 provides that the plaintiff is entitled to costs upon judgment in his favor in either of the following actions: (1) An action to recover real property; (2) an action to recover a chattel; (3) an action specified in subdivision 1, 3, 4, or 5; of section 2863; (4) an action other than one of those specified, in which the complaint demands judgment for a sum of money. But the plaintiff is not entitled to costs, under this subdivision, unless he recovers the sum of $50 or more.

Argued before McADAM, C. J., and BROWNE and EHRLICH, JJ.

*A. B. Carrington,* for appellant. *Cantor & Seldner,* for respondents.

PER CURIAM. The plaintiffs complained that the defendant, as their agent, sold their goods, and collected for them on account thereof the sum of $1,448.45, and that, after deducting all proper credits, there remained due and owing to the plaintiffs $373.61, for which they demanded judgment. In striking this balance, the plaintiffs were in duty bound to give the defendant credit for all his commissions, for the amount of the collections less commissions constituted their sole demand. The defendant, in defense, contended that the commission account should be credited with $1,348.32. He did not claim that the plaintiffs owed him this amount, nor did he demand an affirmative judgment against them therefor. All he claimed was that the commission side of the plaintiffs' account should be credited with what he claimed to be the true amount of commissions; and in doing this he simply demanded that the plaintiffs should strike the true balance, instead of that which they claimed. If the claims are to be called cross-demands, they certainly originated in the same transaction, and the balance due constituted the only debt between the parties. So construed, the action is brought within the jurisdiction of a jus-

tice's court. ·This is clearly' proved by the figures.· The defendant pleaded two independent counter-claims,—one for $57.80, and the other for $50. These aggregated $107.80. The plaintiffs' verdict was for $47.46. Total amount involved in the litigation, $155.26. Take it in the only other possible form, and we figure up as follows: True· balance due plaintiffs, $155.26; deduct the two independent counter-claims, $107.80; amount of the plaintiffs' verdict, $47.46. Even aggregating the $155.26 and the $107.80, makes but $263.06; so that "the sum total of the accounts of both parties did not exceed, but was less than, $400." Code, § 2863; subd. 4. Calling the correct credit claimed for commissions "an offset or counter-claim" does not alter its character. ·The complaint, answer, and reply all show that it was a mere· claim that the proper credit be given, and the answer concludes with a prayer for an affirmative judgment of but $84.44. It is clear,·therefore, that, the plaintiffs' recovery being for less than $50, the defendant became entitled to taxable costs. *Lablache* v. *Kilpatrick* and *Hayes* v. *O'Reilly*, 8 Civ. Proc. R. 340, 347; and see *Brady* v. *Smith*, 1 City Ct. R. 175; *Gregory* v. *McArdle*, 1 How. Pr. (N. S.) 187. It follows that the order appealed from must be reversed, with costs, and the clerk directed to tax costs in favor of the defendant.